```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

DAVID L. MURPHY,

    Plaintiff

v.                                      Civil Action No.: 2:07-0614

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

    Defendant

## MEMORANDUM OPINION AND ORDER

The court has received the Proposed Findings and Recommendation ("PF&R") of United States Magistrate Judge Mary E. Stanley, entered on February 23, 2009, relating to the parties' separate requests for judgment on the pleadings and plaintiff's request for remand.

The magistrate judge recommends that the court reverse the Commissioner's final decision and remand the claim for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). Specifically, the magistrate judge observed as follows:

> In his decision, the ALJ determined that Claimant had produced evidence of "an impairment" (without

>specifying it), that could reasonably be expected to cause Claimant's alleged symptoms. (Tr. at 23-24.) As a result, the ALJ was required to consider, where applicable, Claimant's daily activities, the location, duration, frequency, and intensity of Claimant's pain and other symptoms, precipitating and aggravating factors, Claimant's medication and side effects and treatment other than medication in assessing Claimant's credibility. Although the ALJ took testimony related to these factors, the ALJ's decision does not analyze the evidence of record related to these factors. The ALJ ultimately concluded that Claimant was not entirely credible. (Tr. at 24-25.) While the ALJ provides some explanation for this ultimate determination that Claimant's subjective complaints are not credible, the ALJ's failure to discuss Claimant's subjective complaints in the context of the factors listed above constrains the court to recommend remand.

(PF&R at 10). On March 13, 2009, the Commissioner objected.[1] The Commissioner contends that the ALJ adequately considered and analyzed the record evidence in compliance with Craig v. Chater, 76 F.2d 585 (4th Cir. 1996), and the governing regulations.

As observed by the magistrate judge, the ALJ noted near the outset of his findings that "[T]he claimant has the following severe impairments: obesity, degenerative disc disease, major depressive disorder, generalized anxiety disorder, and borderline intellectual functioning."  (Tr. at 19).  As further noted by the magistrate judge, the ALJ, in later addressing the issue of pain,

---

[1]The Commissioner has moved for permission to file his objections out of time.  Finding good cause, the court ORDERS that the motion be, and it hereby is, granted.

merely determined that the claimant had produced evidence of "an impairment" that could reasonably be expected to cause the claimant's symptoms.  (Id. at 23).  The impairment is not identified.  As an additional complicating overlay, the ALJ refers later in his analysis to "medically determinable impairments" in the plural form.  (Id. at 24 (emphasis supplied)).

Further, there is very little analysis respecting the criteria found at step two of Craig and SSR 96-7p other than claimant's diminished credibility.  While the ALJ mentioned those essential criteria at certain points, (see, e.g., Tr. at 24), his conclusion at step two of Craig and SSR 96-7p amounts to a few conclusory sentences.  After stating the kinds of evidence that he must consider, the ALJ simply concludes that

> [T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.
>
> The objective findings and conservative care does [sic] not provide a basis for the claimant's testimony of disabling symptoms/limitations.
>
> The record does not establish that the claimant's medications (Exhibit 18E), would interfere with the jobs identified by the vocational expert.
>
> As to the effectiveness of treatment, the claimant's testimony of significant physical and psychological symptoms and limitations would indicate his position to be that treatment is a failure; however, the claimant is not totally credible and furthermore there has been

3

> no escalation or intensification of treatment, which would be expected if the claimant is suffering as alleged.
>
> The claimant greatly minimized his activities of daily living. However, there is no basis for such decreased activities of daily living in the credible medical record.

(Id. at 24-25).

All of the foregoing shortcomings in the ALJ's decision combine to prevent the court from conducting the substantial evidence review to which the claimant is entitled by law. By example, if one knows not the impairment, or impairments, at step one, the analysis and review at step two seems well-nigh impossible.

Based upon the foregoing analysis, the court concludes that the Commissioner's objections are without merit and it is ORDERED as follows:

1. That the findings in the PF&R be, and they hereby are, adopted by the court and incorporated herein;

2. That the plaintiff's request for judgment on the pleadings be, and it hereby is, granted only insofar as he requests remand to the Commissioner for further proceedings, and plaintiff's motion is otherwise denied;

3. That the Commissioner's request for judgment on the

4

**pleadings be, and it hereby is, denied; and**

4. **That the decision of the Commissioner be, and it hereby is, reversed and this claim is remanded to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C.A. § 405(g), which proceedings shall include consideration of, and discussion by, the administrative law judge of the applicable criteria mentioned heretofore, as more fully set forth in the magistrate judge's proposed findings and recommendation, with discussion of the specific impairment found and with leave as well to address any other alleged deficiencies identified by plaintiff during the course of the briefing herein.**

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: March 25, 2009

John T. Copenhaver, Jr.
United States District Judge